heirs to properly care for and cultivate the orchard.

By the terms of the deed of sale the vendor was to remain in possession of the orchard and gather the crops until the note was paid in full, accounting to the plaintiff therefor; and he in turn obligated himself to care for and cultivate said orchard as long as he continued in possession thereof.

The evidence on this point is conflicting; but the preponderance thereof is that the orchard was as well cared for and cultivated as the surrounding orchards, of which there are many; and the trial judge, who holds his court within a few miles of the property, found that the vendor and his heirs had complied with their obligation in this respect.

### Decree.

The preliminary writs herein issued are therefore set aside, and it is now ordered that relator's demand be rejected at her cost, without prejudice, however, to any other rights which she may have in the premises.

———

(114 So. 716)

No. 28945.

**BOUDREAUX et al. v. PARISH DEMOCRATIC EXECUTIVE COMMITTEE FOR PARISH OF ST. CHARLES.**

Nov. 3, 1927.

*(Syllabus by Editorial Staff.)*

1. **Justices of the peace** &—4—Candidate for justice of the peace, otherwise qualified, having paid poll tax for two years preceding primary, held eligible to file notice (Const. art. 7, § 47; art. 8, §§ 1, 2; Act No. 97 of 1922, § 10).

Candidate for the office of justice of the peace, otherwise qualified, and having paid poll tax for years 1926 and 1927, *held* eligible to file notice of intention to become candidate at primary election to be held in January, 1928; he not being required, under Const. art. 7, § 47, art. 8, §§ 1, 2, and Act No. 97 of 1922, § 10, to pay poll tax for year 1925 to be eligible.

2. **Elections** &—126(4)—Candidate for constable, otherwise qualified, having paid poll tax for two years preceding primary, held eligible to file notice of intention (Const. art. 7, § 49; art. 8, §§ 1, 2; Act No. 97 of 1922, § 10).

Candidate for the office of constable, otherwise qualified, and having paid poll tax for years 1926 and 1927, *held* eligible to file notice of intention to become candidate at primary election to be held in January, 1928; he not being required, under Const. art. 7, § 49, art. 8, §§ 1, 2, and Act No. 97 of 1922, § 10, to pay poll tax for year 1925 to be eligible.

3. **Elections** &—126(4)—Candidate, to be qualified at primary election, must declare he is elector qualified to vote at election in which he seeks nomination (Act No. 97 of 1922, § 13).

Under Act No. 97 of 1922, § 13, candidate for office at primary election must declare that he is a qualified elector, not to vote at time declaration is made, but at election in which he seeks nomination.

Brunot, J., dissenting.

Appeal from Twenty-Fourth Judicial District Court, Parish of St. Charles; L. Robert Rivarde, Judge.

Proceeding before the Parish Democratic Executive Committee for the Parish of St. Charles, in which Madis Boudreaux and Marcel Gassen, respectively, filed notice of intention to become candidate for nominations for constable and justice of the peace, protested, respectively, by Rudolph Montz and Achille Mongrue. Protests were sustained, and petitioners appealed to the district court. Appeals consolidated. From a judgment affirming the ruling of the Committee, the candidates appeal. Committee's ruling and judgment annulled and set aside, and judgment rendered for petitioners.

C. A. Buchler, of Gretna, for appellants.

J. K. Gaudet, of Gretna (John E. Fleury, of Gretna, of counsel), for appellee.

OVERTON, J. The plaintiff Madis Boudreaux filed with the chairman of the Democratic executive committee for the parish of

St. Charles notice of his intention to become a candidate for the nomination by the Democratic party to the constableship of the Third ward of the parish of St. Charles, in the primary election to be held on January 17, 1928. The plaintiff Marcel Gassen filed notice of his intention to become a candidate for the Democratic nomination, in the same primary election, for the office of justice of the peace of the Second ward of said parish.

Rudolph Montz filed a protest with the committee against the recognition of Boudreaux as a candidate, and Achille Mongrue filed a similar protest against the candidacy of Gassen. Both protests were based on the ground that neither candidate had paid his poll tax for the year 1925, and therefore was not qualified to become a candidate in the primary to be held in January, 1928.

The Democratic executive committee heard the protests and, finding that neither candidate had paid his poll tax for the year 1925, sustained both protests. Each of the plaintiffs appealed to the district court from the ruling made against him. The appeals were consolidated in the district court, and, after hearing them, that court rendered judgment affirming the ruling of the committee in both cases.

Since the perquisites of each of the offices involved in this litigation exceeds $2,000, both of the plaintiffs have appealed to this court.

[1, 2] It is conceded that each of the plaintiffs possesses all the qualifications required by law to become a candidate for the particular nomination which he seeks, except the qualification relating to the payment of poll taxes. It is conceded that each of the plaintiffs has duly paid his poll taxes for the years 1926 and 1927. The only question presented is whether they, in order to be eligible as candidates in the primary to be held in January, 1928, must also have paid their poll tax for the year 1925.

The law governing primary elections in this state is Act No. 97 of 1922. Section 10 thereof relates to the qualifications of voters and candidates in such elections, and reads as follows:

"That the qualifications of voters and candidates in primary elections, held under this act, shall be the same as now required by the Constitution, and election laws of this state for voters at general elections and the further qualifications prescribed by the state central committee of the respective political parties coming under the provisions of this act."

Section 1 of article 8 of the Constitution of 1921 prescribes the qualifications necessary to constitute one an elector, these being, merely to outline them, age, citizenship, residence in the state for two years, and for certain specified periods in the parish and precinct in which the person intends to vote, good character, ability to read and write, or to understand any section of the Constitution of the United States and of this state, when read to him. In addition to these qualifications, section 2 of the same article of the Constitution provides, in so far as pertinent, that:

"No person less than sixty years of age shall be permitted to vote at any election in the state who shall not, in addition to the qualifications above prescribed, *have paid on or before the 31st day of December, of each year, for the two years next preceding the year in which he offers to vote,* a poll tax of one dollar per annum, to be used exclusively in aid of the public schools of the parish in which such tax shall have been collected; which tax is hereby imposed on every resident of this state between the ages of twenty-one and sixty years. * * *" (Italics ours.)

There is no other requirement in the Constitution or elsewhere providing for the payment of poll taxes in order to vote than the one quoted, supra.

As relates to the qualifications to hold the office of justice of the peace, the Constitution defines these to be as follows:

"Justices of the peace shall be of good moral character, freeholders and *qualified electors*, able to read and write the English language correct-

ly, and shall possess such other qualifications as may be prescribed by law." Constitution, art. 7, § 47. (Italics ours.)

As relates to the qualifications required to hold the office of constable, the Constitution provides that:

"He shall be of good moral character, able to read and write the English language, *and shall be an elector* and resident of the ward from which elected, and shall possess such other qualifications as may be prescribed by law." Constitution, art. 7, § 49. (Italics ours.)

The law requires no other qualifications to hold these offices.

From the foregoing it appears that section 10 of the act governing primary elections provides that the qualifications of candidates and voters in primary elections, held under its provisions, shall be the same as now required by the Constitution and election laws of this state for voters at general elections, and such further qualifications as may be required by the state central committee of the political party coming under the act, and that the only requirement, as to the payment of poll taxes, to become a qualified elector is the one to be found in the section of the Constitution quoted, supra. Since both plaintiffs have duly paid their poll taxes for 1926 and 1927, which are the two years immediately preceding the primary election to be held in January, 1928, and as it is conceded that they possess all the other qualifications required of voters and also of candidates for the nominations here involved, it would seem that plaintiffs are not only qualified electors for the election to be held, but also that they possess the qualifications required of candidates in that election for the nominations for the offices of justice of the peace and constable.

[3] However, as we have said, the Democratic executive committee for the parish of St. Charles contends otherwise, because plaintiffs have not paid their poll taxes for 1925. In support of this contention the committee cites section 13 of the primary election law, which is Act No. 97 of 1922. This section reads as follows:

"That any person desiring to become a candidate in any primary election held under the provisions of this act shall, within twenty days for state and district officers, and within ten days for parochial, municipal and ward officers, etc., from and after the issuance of the call of the said committee for the said primary election, file with the respective officers hereinafter designated, his written notification of his intention to become a candidate at such primary, accompanied by a declaration that *he is* a duly qualified elector under the Constitution and laws of this state, and that he is a member of the party calling said primary election, and that he possesses such qualifications as are required by the state central committee of such party." (Italics ours.)

The contention of the committee is based upon the theory that since a candidate must declare in his notification that he is a duly qualified elector, this means that he must be in position to vote at the time that he files his notification by reason of having paid poll taxes for the two years next preceding the filing of his notification, and by reason of possessing the remaining qualifications to vote at that time. The statute does not mean that. What it does mean is that the candidate must declare that he is a qualified elector, not to vote at that moment, but at the election in which he seeks the nomination. The purpose of requiring the declaration in the present tense is to show affirmatively that the candidate possesses at the time he files his notification the qualifications which will enable him to vote; that is, which will make him a qualified elector, in the election in which he is seeking the nomination. If the statute meant what the committee contends for, it might well be that the candidate would be qualified to vote at an election to be held the day following the filing of his notification, but would not be in the election in which he is a candidate—a situation which the statute here seeks to guard against.

Our conclusion is that the payment by either plaintiff of his poll tax for 1925 was unnecessary, so far as his qualifications in the approaching election are concerned.

For these reasons, the ruling of the committee and the judgment of the district court are annulled and set aside, and it is now ordered that said Boudreaux be recognized and declared to be a duly qualified candidate for the Democratic nomination for the office of constable of the Third justice of the peace court for the parish of St. Charles at said primary election, to be held on January 17, 1928, and that said Marcel Gassen be recognized and declared to be a duly qualified candidate for the Democratic nomination for the office of justice of the peace for the Second ward of said parish, at said election, and that said committee recognize them accordingly.

BRUNOT, J., dissents, for the reason that the statute requires a candidate for a party nomination to be a qualified elector at the moment he files his declaration to become a candidate.