## CHAMPAGNE v. PARISH DEMOCRATIC EXECUTIVE COMMITTEE FOR PARISH OF ST. JOHN THE BAPTIST.

### No. 17327.

Court of Appeal of Louisiana. Orleans.

Nov. 10, 1939.

Writ of Certiorari Denied Nov. 27, 1939.

Melvin P. Barre, of New Orleans, for plaintiff-appellee.

John E. Fleury, of Gretna, for defendant-appellant.

JANVIER, Judge.

Paul J. Champagne seeks to qualify as a candidate for the Democratic nomination for the office of member of the Police Jury for the First Ward of the Parish of St. John the Baptist. He filed notice of his intention with the Parish Executive Committee and that Committee sustained a protest based on the charge that he had not signed the poll registration book for the year 1939.

From a judgment reversing the action of the Committee, which held him to be not qualified, the Committee has appealed to this court, the amount in dispute being conceded to be the total emoluments of the office, which are less than $2,000.

The facts have been agreed upon. The primary which Champagne seeks to enter was set for January 16, 1940, by the Committee, which fixed the 14th day of October, 1939, as the final day on which prospective candidates might qualify. On that day Champagne filed notice of his intention to become a candidate and made oath as to his belief in his qualifications. On October 17 protest was made to the Committee based on the charge, as we have said, that he had not signed the poll registration book for the year 1939.

It is agreed—and the law is well settled—that no one may be a candidate for office unless he be a duly qualified elector and that, to be such duly qualified elector, he must be registered and must have signed the poll registration book for each of the two preceding years, and, since Champagne is admitted to have been duly registered and to have signed the poll registration book for 1937 and 1938, it is obvious that he is a duly qualified elector for the year 1939. But, at the time at which he filed his entry with the Committee and, in fact, until October 20, 1939, he had not signed the poll registration book for the year 1939.

It has been settled by the Supreme Court in Boudreaux et al. v. Parish Democratic Executive Committee for the Parish of St. Charles, 164 La. 869, 114 So. 716, that a candidate for office must, at the time at which he attempts to enter the lists, possess the necessary qualifications which would entitle him to run for office in the election which he seeks to enter. It is obvious, then, that though Champagne was a duly qualified elector for the year 1939 at the time at which he filed his application to enter, he was not at that time a duly qualified elector for the year 1940. We find him, then, in the exact situation in which the Supreme Court found the plaintiff Smith in Smith v. Parish Democratic Executive Committee for Parish of Jefferson, 164 La. 981, 115 So. 54, for, at the time at which Smith filed notice of his intention to become a candidate, he lacked one of the necessary qualifications—i. e., he had not yet registered. Here, Champagne lacked one of the necessary requirements: He had not yet registered in the poll registration book for the year 1939. When we consider the situation of Smith, we see that it would have been entirely possible for him to have registered during the remaining part of the year, and, if he had, he would have thus possessed all of the qualifications which would have entitled him to run for office in the primary on January 17, 1938, but, at the time of the filing of his application, he had not yet obtained this final qualification. The same may be said of Champagne. He had not yet obtained his final qualification because he had not yet registered in the poll registration book for the year 1939. Of course, he still had all of the remainder of 1939 to so register in the poll book, but the Supreme Court in the Smith case has definitely said that all of the qualifications required must be possessed at the time of the closing of entries, and, therefore, we feel that the doctrine of the Smith case is applicable here and prevents the qualification of Champagne.

It is possible that a distinction may be found in the fact that registration as a member of the party is more essential to entry in a party primary than is the registration in a poll book. But we do not think that this distinction is sufficient to justify a

conclusion different from that reached by the Supreme Court in the Smith case.

Because of the requirement of the primary election law (Act No. 97 of 1922, as amended) that this decree be rendered within twenty-four hours of the submission of the case, our decree has already been rendered on November 10, 1939.

It is ordered, adjudged and decreed that the judgment of the District Court be annulled and set aside, and that the ruling of the Democratic Executive Committee holding that Paul J. Champagne did not qualify according to law be and it is reinstated, and therefore, it is further ordered, adjudged and decreed that Paul J. Champagne be and he is declared to be ineligible to become a candidate for the Democratic nomination for the office of member of the Police Jury for the First Ward of the Parish of St. John the Baptist; appellee to pay all costs.

Reversed.