**FAUCHEUX v. PARISH DEMOCRATIC EXECUTIVE COMMITTEE FOR PARISH OF ST. JOHN THE BAPTIST.**

**No. 17329.**

Court of Appeal of Louisiana. Orleans.

Nov. 10, 1939.

Writ of Certiorari Denied Nov. 27, 1939.

Melvin P. Barre, of New Orleans, for plaintiff-appellant.

John E. Fleury, of Gretna, for defendant-appellee.

JANVIER, Judge.

Robert F. Faucheux is seeking to become a candidate for the Democratic nomination for the office of member of the Police Jury for the Fourth Ward of the Parish of St. John the Baptist. He filed notice of his intention to become a candidate with the Parish Executive Committee for that parish, but it was rejected by the Committee, which sustained a protest based on the charge that he did not possess all the qualifications required by law. He then filed this suit in the Twenty-fourth Judicial District Court for the Parish of St. John the Baptist and has now appealed from a judgment sustaining the decision of the Committee and rejecting his candidacy.

The suit is brought under authority of section 11 of Act No. 97 of 1922, as amended by Act No. 110 of 1934, § 1, and the appeal is taken to this court because of the fact that the total emoluments of the office which is involved amount to less than $2,000.

The facts have been agreed upon. The primary election, having been set for January 16, 1940, the Committee fixed October 14, 1939, as the final day on which those who desired to become candidates might file with the Committee notice of such intention and might comply with the other requirements of law. On that day Faucheux filed such notice. On October 17 there was made to the Committee protest against his candidacy based on the fact that, since he had not signed the poll registration book for the year 1937, though he had done so for the years 1938 and 1939, he was not a duly qualified elector at the time at which he attempted to qualify. This protest was sustained by the Committee, as we have said, on October 20, 1939.

It is conceded that no one may be a candidate unless he be a duly qualified elector and that, to be such duly qualified elector, a person must be registered as a member of the party and must have signed the poll registration book for each of the two preceding years. Thus, to be a qualified elector in 1939, a person must have registered and must have signed the poll registration books for 1937 and 1938. To be a qualified elector for the year 1940 the person must be duly registered and must have signed the poll registration books for the years 1938 and 1939. It is obvious that, since Faucheux had not signed the poll registration book for 1937, he was not qualified to vote in order to run for office in 1939. But it is equally obvious that since, at that time, he was registered and had signed the poll registration book for 1938 and 1939, he was then in possession of the qualifications which, in 1940, would have given him the right to vote or to run for office.

The Committee, pointing to the lack of poll book registration for 1937, maintains that he was not a qualified elector in 1939 and argues that the law requires that, regardless of the year in which a primary election is to be held, a candidate must, at the time at which he attempts to qualify, be in possession of the qualifications which would entitle him to vote, or to run for office in the year in which he seeks to qualify.

Faucheux, on the other hand, though conceding that the qualifications must exist at the time the candidate seeks to enter the lists, insists that those qualifications need not authorize him to vote or to hold office at the time he enters, but need only show that he will be qualified for the year in which the election is to be held, and it is very evident that, in Boudreaux et al. v. Parish Democratic Executive Committee for the Parish of St. Charles, 164 La. 869, 114 So. 716, 718, the Supreme Court has approved this latter view. In that case are found facts which cannot be distinguished from those before us. Boudreaux sought to enter a primary election to be held on January 17, 1928. He filed notice of his intention during the year 1927 and at that time, though he was registered and had paid poll tax in 1926 and again in 1927, he had paid no such poll tax for 1925. Therefore he was not a qualified elector for the year 1927, at the time at which he sought to enter. The Supreme Court said:

"The contention of the committee is based upon the theory that since a candidate must declare in his notification that he is a duly qualified elector, this means that he must be in position to vote at the time that he files his notification by reason of having paid poll taxes for the two years next preceding the filing of his notification, and by reason of possessing the remaining qualifications to vote at that time. The statute does not mean that. What it does mean is that the candidate must declare that he is a qualified elector, not to vote at that moment, but at the election in which he seeks the nomination. The purpose of requiring the declaration in the present tense is to show affirmatively that the candidate possesses at the time he files his notification the qualifications which will enable him to vote; that is, which will make him a qualified elector, in the election in which he is seeking the nomination. If the statute meant what the committee contends for, it might well be that the candidate would be qualified to vote at an election to be held the day following the filing of his notification, but would not be in the election in which he is a candidate—a situation which the statute here seeks to guard against."

We are unable to find any feature which can be said to distinguish that case from the case before us. Surely no such distinction can be found in the fact that now, because of the amendments to Art. VIII, section 2 of the Constitution adopted in 1934 and 1936, the candidate is required to register in the poll books instead of being required to pay the poll tax. At first glance it might appear that there is a conflict between this view and the conclusion reached by the court in Smith v. Parish Democratic Executive Committee, 164 La. 981, 115 So. 54, and counsel for the Committee so maintains, contending that the result reached in the Smith case is correct. But there is, as the court said in the Smith case, nothing inconsistent in the two conclusions. In the Smith case the court held that on the day on which entries close each candidate must possess all the required qualifications, but said nothing about whether those qualifications should entitle the entrant to be a voter at that time, as distinguished from the time at which the primary election is to be held. In the Boudreaux case the court did not adopt a different view concerning the necessity that, at the time of the closing of entries, all qualifications must be possessed by a prospective candidate, but merely said that, in determining what are the qualifications required, the Committee should look to the time at which the election is to be held and not to the time at which the entry

124

is made. We see nothing inconsistent or irreconcilable in the two cases, and, believing, as we do, that the Boudreaux case is authority here, we hold that Faucheux, at the time of the close of entries on October 14, 1939, possessed and exhibited all the qualifications required by law to entitle him to run for the Democratic nomination for member of the Police Jury for the Fourth Ward of the Parish of St. John the Baptist.

Because of the requirement of the primary election law (Act No. 97 of 1922, as amended) that this decree be rendered within twenty-four hours of the submission of the case, our decree has already been rendered on November 10, 1939.

It is ordered, adjudged and decreed that the ruling of the Democratic Committee and the judgment of the District Court are annulled and set aside, and it is now ordered that Robert F. Faucheux be and· he is recognized and declared to be a duly qualified candidate for the Democratic nomination for the office of' member of the Police Jury for the Fourth Ward for the Parish of St. John the Baptist at the Primary Election to be held on January 16th, 1940; appellee to pay all costs.

Reversed.