PER CURIAM.
Plaintiff filed this suit contesting the candidacy of the defendant in the Demo *878 cratic Primary Election to be held in this State on January 15, 1952, for the nomination to the office of member of the Police Jury, 8th Ward of West Feliciana Parish.
She alleges that she filed her notification, together with the required affidavit, with the Chairman of the West Feliciana Parish Democratic Executive Committee on October 13, 1951, as a candidate for the said office of Police Juror, 8th Ward; that likewise, the defendant filed his notification, together with the required affidavit, with the said Chairman on October 14, 1951; that on October 19, 1951, she filed opposition with the Chairman of the said Parish Executive Committee to the candidacy of the said defendant and that on October 24, 1951, the said Committee, after hearing and due deliberation, decreed the defendant eligible to run for said office, and hence she appealed to the District Court, making the said Edward Carter Percy and the West Feliciana Parish Executive Committee defendants.
She further alleges that on October 2, 1951, the Democratic State Central Committee met and passed two resolutions setting up the rules and qualifications which must be followed in order to run in the Democratic Primary Election, numbering these resolutions “1” and “2” respectively, certified copies of which are annexed and made a part of her petition.
It is proper at this time to mention that resolution #1 fixes the Primary to be held on January 15, 1952; fixes the date to qualify for State offices as on or before 5:00 o’clock P.M., October 12, 1951, to be filed with the Chairman of the said Committee, on a form prescribed !by law, accompanied by an affidavit of the candidate; the amount to :be deposited by the said candidate and the method of distribution; fixes the date of the Second Primary if one is necessary; and provides the amount to be fixed by the respective Parish Committees and its distribution.
Resolution #2 provides that the qualifications of every voter and candidate in primary elections held by the said party shall 'be the same as required by the Constitution and election laws of this State for voters at general elections, and in addition such voter and candidate shall possess qualifications, the pertinent provisions of which are as follows: “* * * that he is a registered voter, as required by the Constitution and laws of the State of Louisiana; * *
She further alleges that on October 4, 1951, the Committee passed a resolution setting up the qualifications which must be had and rules which must be followed in order to 'become a candidate at the said Primary and she annexes thereto and makes a part of her petition a certified-copy of said resolution.
She further alleges that in the affidavit which accompanied Percy’s notification of candidacy, the said Percy stated that “he is a duly qualified elector of this State of the First Precinct of the Eighth Ward of West Feliciana Parish of the State of Louisiana;” that on October 14, 1951, the said Percy was not a duly qualified elector of the Sth Ward of the Parish of West Feliciana, but was actually registered as an elector from the 10th Ward of said Parish, and did not change his registration until October 16, 1951; that under the Constitution and Laws of this State and the special rules set up by the resolutions of the said committees, supra, a candidate must have been an actual bona fide resident of the ward for which he offers himself as a candidate for two years proceeding the election and that the said Percy cannot fulfill this requirement, not having been an actual bona fide resident of the 8th Ward for two years next preceding the election, and he is therefore not qualified to run as a candidate for the office of. member of the Police Jury, 8th Ward of West- Feliciana Parish.
In the alternative, that under the Constitution and Laws of this State and the special resolutions of the committee, supra,, a candidate must possess all of the qualifications required at the time of declaring intention to become a candidate, or at least prior to the time the delay for such declaration elapses, and amongst the qualifications set up is that the candidate be a registered voter of the Ward from which he offers himself as a candidate; that *879 Percy was not a registered voter of the said 8th Ward on- the 14th day of October, 1951, that date 'being the last day for such qualifications and that therefore he is not a qualified candidate for the office which he seeks.
The prayer of her petition is in accordance with her petition.
Defendants Percy and the Committee filed exceptions of no right of action based on the alleged fact that plaintiff was not a resident of the Parish of West Feliciana, she being a resident of the City of New Orleans and therefore she was not a legal applicant for the office of Member of the Police Jury for the Parish of West Felici-ana and without interest in the suit. Defendant Committee also filed an exception of improper citation and misjoinder of parties defendant.
Defendant Percy for answer, denied categorically the allegations of plaintiff relative to his ineligibility to become a candidate for nomination of Member of the Police Jury, Ward 8. In a supplemental answer, he avers that he filed his notification to run on Sunday, October 14, 1951, it being the last day for filing; that the Registrar’s office was closed on Sunday and Monday and was therefore unable to change his registration to confront to the fact of his actual residence in the 8th Ward of said Parish; that he changed his registration to conform to (with) his actual residence on Tuesday, October 16, 1951, it being the first opportunity he had. The answer of the Committee is in the nature of a general denial, save that it admits that plaintiff filed a protest against defendant Percy’s candidacy, which protest was heard and not sustained by it.
Upon these issues the case was set for trial and was heard by the Judge ad hoc on Tuesday, November 12, 1951. ■On the day of trial, the defendants filed a plea to the jurisdiction based on the contention that the Committee’s decision in rejecting plaintiff’s objection to defendant Percy’s candidacy had been rendered on October 26, 1951 and that more than five days had elapsed, the Court was without jurisdiction. The trial Court overruled such plea for the reason that the suit had been filed within the delay and it was through no fault of plaintiff that the case had not been tried before November 12, 1951. As to the exception of no right of action, the trial judge overruled the exception for the reason that plaintiff’s qualifications had never been challenged before defendant Committee, and would not hear any evidence with respect thereto, defendants not having exhausted their remedy before the Committee to disqualify the plaintiff. The trial on the merits resulted in a judgment for reasons dictated in the record, in favor of defendants and against the plaintiff dismissing her suit at her costs.
As to the rulings of the trial Judge on the exceptions to the jurisdiction of the Court and of no right of action, we find no errors committed by the trial Judge and therefore affirm his rulings.
Assuming for the sake of argument that Percy was a resident of Ward 8, we are of the opinion that the protest and objection should have been sustained by the District Court and the ruling of the Committee annulled and avoided.
There is no doubt but that Percy, at the time he qualified before the Committee, which was October 14th, 1951, the last day for such; had lived in the State five years and in the Parish two years, that he was a registered voter of Ward 10, but not of Ward 8 which he was seeking to represent as Police Juror in the election to be held Jan. 15th, 1952. With the assumption of required residency, he satisfied the provisions of the law as to qualifications for a Police Juror, LSA-R.S. 33:1225; Constitution, Art. 3, Section 9.
In addition to the above qualifications a candidate for the office of Police Juror must be able to meet the requirements of the Parish Democratic Committee, as set forth in its resolutions, the pertinent part being as heretofore quoted and italicized.
Our Constitution, Art. VIII, Section 13 provides: “No person shall be eligible to any office, State, district, parochial, municipal, or ward, who is not a citizen of this State and a duly qualified elector of the State, district, parish, municipality or *880 ward, wherein the functions of said office are to he performed.”
In addition to the requirements of the three months residency in the Precinct of the 8th Ward by Percy it was also necessary that he he a qualified elector of Ward 8 on the date that he filed his declaration of intention to become a candidate which was the last day allowed. This view is supported by a mere reading of Art. VIII, Section 1(b), which says: “He shall 'be, at the time he offers to vote, legally enrolled as a registered voter on his own personal application, in accordance wih the provisions of this Constitution, and the laws enacted thereunder.”
Thus it is clearly stated in the Constitution that for Percy to have been eligible to the office of Police Juror of Ward 8 he must be a duly qualified elector of Ward 8 “wherein the functions of said office are to be performed.” To be an elector he must have been “legally enrolled as a registered voter” for Ward 8.
It is argued that as Percy transferred his registration from Ward 10 to Ward 8 on October 16, 1951 which was two days after the deadline for filing notification of intention to run and three days prior to the filing of opposition to his candidacy, and within the delay for filing opposition, and prior to the meeting of the Committee, that he was therefore eligible.
A similar situation was presented in the cases of Smith v. Parish Democratic Executive Committee, 164 La. 981, 115 So. 54, 56; Champagne v. Parish Democratic Executive Committee, La.App., 192 So. 120; Faucheux v. Parish Democratic Executive Committee, La.App., 192 So. 122; Borne v. Parish Democratic Executive Committee, La.App., 192 So. 124; Yuratich v. Plaquemines Parish Democratic Executive Committee, La.App., 32 So.2d 647, all of which hold in effect exactly as did the majority opinion of the Supreme Court in the Smith case, supra, [164 La. 981, 115 So. 56] wherein it was held: “The intent of the law, as we understand the language which it uses, is to require that the qualifi■cations of a candidate shall be complete at the time he files his application, or, at any rate, before the expiration of the time for filing applications. Accordingly we must hold that the plaintiff not having timely registered and declared his party affiliation was not duly qualified to be a candidate, and that the decision of the committee and of the district court was right.”
Percy by his failure to have transferred his registration from Ward 10 to Ward 8 on or 'before the deadline for filing his intention, that is Oct. 14th, 1951, was therefore ineligible under the regulations of the West Feliciana Parish Democratic Executive Committee, the Constitution, and laws of Louisiana and authorities cited.
It is therefore ordered that the judgment of the District Court be annulled and set aside and that Edward Carter Percy be and he is declared to be ineligible to become a candidate for the Democratic Nomination for the office of member of the Police Jury for the 8th Ward of the Parish of West Feliciana; appellees to pay all costs.
Judgment reversed.