## BOZARTH v. COUNTY ELECTION BOARD of OKMULGEE COUNTY et al.

No. 21626. Opinion Filed Sept. 9, 1930.

Rehearing Denied Sept. 30, 1930.

Charles A. Dickson and W. A. Barnett, for petitioner.

Respondent in person.

ANDREWS, J. This is an original proceeding in this court for a writ of prohibition against the county election board of Okmulgee county and the members thereof from proceeding with the recount of the ballots cast for district judge at the runoff primary in Okmulgee county on August 12, 1930.

No question is raised as to the sufficiency of the petition for a recount of the ballots.

The issues of law presented herein are identical with those presented in Case No. 21575, Joseph C. Looney, Petitioner, v. County Election Board of Seminole County, Respondent (this day decided), 145 Okla. ___, except that there is one additional contention made herein, which is that in precinct 17 only three official counters were used and the returns therefrom were signed by only three official counters, when it is contended that

under section 6144, C. O. S. 1921, four official counters were required.

We think that the law announced in the Looney Case is applicable to the issues presented herein and that a writ similar to the one therein issued should be issued herein Neither section 6144, supra, nor any other provision of our statute provides that the use of three official counters in place of four official counters will void an election. We think that that was a mere irregularity.

It is, therefore, ordered that the county election board of Okmulgee county, Okla., and each and all of the members thereof, be, and they are, prohibited from recounting any of the ballots cast at the primary election held in Okmulgee county on the 12th day of August, 1930, until such time as it shall be made to appear to that board that the ballots sought to be recounted "had been preserved in the manner and by the officers prescribed by the statute, and that they were the identical ballots cast by the voters, and that while in said custody they had not been so exposed to the reach of unauthorized persons as to afford a reasonable opportunity of their having been changed or tampered with;" that they, and each of them, be, and they are, prohibited from determining the qualifications of any voter who voted at said election, and that they, and each of them, be and they are, prohibited from determining how any voter voting at said election voted thereat.

It is further ordered that in all other particulars the petition for writ of prohibition be, and it is, denied.

A writ is ordered to issue in accordance herewith.

LESTER, V. C. J., and RILEY, HEFNER, CULLISON, and SWINDALL, JJ.. concur.

MASON, C. J., absent. HUNT, J., disqualified. CLARK, J., dissents.