YOCHAM v. COUNTY ELECTION BOARD et al.

No. 32995. May 13, 1947.

180 P. 2d 831.

Glenn O. Young, of Sapulpa, and Coffey & Coffey, of Tulsa, for plaintiff.

George H. Jennings, of Sapulpa, for defendants.

OSBORN, J. This is an original petition for a writ of prohibition filed by L. F. Yocham as plaintiff, against the county election board of Creek county and Frankie M. Horn, defendants.

Essential facts stated in the petition filed by plaintiff, which are not contradicted by defendants, are that plaintiff duly filed with the defendant board his notification and declaration of candidacy for the office of county commissioner of the first commissioner's district of Creek county; that said notification and declaration was accepted by the defendant board, there having been no protest or objections filed thereto, and plaintiff was duly nominated as the Republican candidate for such office; that thereafter, at the general election on November 5, 1946, he was elected to the office, having received a majority of the votes cast by qualified electors, and that after his election and within the period of 16 days provided by Title 26, section 392, O.S.A., Laws 1944, Ex. Sess. p. 11, section 1, Frankie M. Horn, his Democratic opponent in said election, filed a contest specifically challenging his right to the office; that said contest did not challenge the correctness of the announced results of said election, or set forth any facts showing that any fraud had been committed in connection with said election, but that the sole ground of such contest was and is that plaintiff had been convicted of a felony prior to the date of said election, and was therefore not a qualified voter of Creek county, and was ineligible to become a candidate for the office of county commissioner, and was not legally qualified to hold

said office; that plaintiff filed a motion to dismiss said contest for want of jurisdiction, and demurred thereto on jurisdictional grounds, and that his motion and demurrer were by defendant board overruled and denied, and that defendant indicated its purpose and intent to issue to the contestant, Frankie M. Horn, a certificate to which she is not entitled; that upon the defendant board indicating such purpose and intent plaintiff filed an application for a writ of prohibition in the district court of Creek county, which application was by said court denied.

Plaintiff alleges that the defendant board is without jurisdiction in such proposed contest to pass upon his qualifications for the office of county commissioner, and in attempting to do so is proceeding arbitrarily and capriciously in the absence of jurisdiction not vested in it by law, and prays that it be prohibited by this court from so proceeding in excess of its jurisdiction.

Plaintiff, in his briefs and oral argument, contends that the provision for contesting an election contained in Title 26, O.S.A., section 392, supra, does not authorize the county election board to pass upon his eligibility or ineligibility for the office.

Defendants contend that since the district court of Creek county denied plaintiff's application for a writ of prohibition, he has an adequate remedy by appeal from that judgment, and is not entitled to invoke the original jurisdiction of this court. They further contend that under the law the county election board of Creek county is vested with jurisdiction to pass upon the qualifications of plaintiff, and to determine the said contest on its merits; that plaintiff has been adjudged guilty of a felony and is, therefore, disqualified as a voter and is ineligible to hold public office in the State of Oklahoma, and that the ballots cast in said election were, therefore, void and should not be counted, and that if said ballots were void and were not counted, the effect of said challenge, if sustained, would be to change the result of the election.

Passing first upon defendant's contention that plaintiff is provided with an adequate remedy at law by appeal from the judgment of the district court denying his application for a writ of prohibition, we direct attention to the fact that the jurisdiction of the district court to issue writs of prohibition and other extraordinary writs is not exclusive. Art. 7, sec. 10, Const. The power of this court to issue extraordinary writs to county officers and boards, where an unusual situation exists in which the public interest is involved, or whereby the refusal of this court to entertain jurisdiction would result in a practical denial of justice, has been repeatedly upheld. State v. Ross, 76 Okla. 11, 183 P. 918; Common School District No. 32 v. Independent School District No. 56, 75 Okla. 70, 181 P. 938; Clark v. Warner, 85 Okla. 153, 204 P. 929; Gregg v. Hughes, 89 Okla. 168, 214 P. 904.

The question of whether or not a county election board, in a contest filed after the result of the general election has been ascertained and declared, may pass upon the qualifications of the successful candidate, and reject the votes cast for him in the event it finds him disqualified to hold the office, is one of public importance, since the unauthorized assumption of such power by county election boards would result in great confusion; would in many cases permit a public office holder who was defeated for re-election to hold his office while the eligibility of his successful opponent was being litigated, and would often result in serious and irreparable injury to a successful candidate whose qualifications for the office were thus challenged. The refusal of the trial court to issue the writ in no wise affects the right of this court, when its original jurisdiction is invoked, to issue the writ if reasonable grounds for its issuance are shown, and the remedy by appeal from the district court's refusal is not, under the circumstances, a speedy and adequate remedy.

Coming now to the merits of the controversy between the parties, it is apparent that the decisive question presented is whether under the law the county election board is vested with authority, after the results of the general election have been announced by it, to consider and determine, in a contest filed against the sucessful candidate, the eligibility of that candidate for such office, or pass upon the question of whether he is legally qualified to hold such office.

It is the general rule that where an election contest is provided for by statute, the statutes conferring such power are to be strictly construed as to the extent of the jurisdiction conferred. 20 C.J. 210, §270; 29 C.J.S. 355, §247; 9 R.C.L. 1157, §147; 18 Am. Jur. 361, §275.

In Bozarth v. County Election Board, 144 Okla. 206, 291 P. 804, we held that the county election board had only such authority in election contests as was contained in the statute, and that there being nothing in the statute authorizing the county election board to determine the qualifications of voters who voted at the election, or how any voter voted at the election, its assumption of power to determine such facts was in excess of its rightful authority, and its action was an unauthorized application of judicial force, and, in Looney v. County Election Board, 145 Okla. 25, 291 P. 554, 71 A.L.R. 420, we announced the same principle and granted a writ of prohibition against said board.

And we have held that other county boards which, in the performance of their duties, exercise judicial or quasi-judicial power, cannot exceed the jurisdiction conferred upon them by statute, but can exercise only such powers as are conferred by the statute, or such as may arise by necessary implication from an express grant of power, or are necessarily incidental to the powers expressly granted. Board of Education of Oklahoma City v. Cloudman, 185 Okla. 400, 92 P. 2d 837; In re Assessment of First National Bank, 64 Okla. 208, 166 P. 883.

Keeping this principle in mind, we direct attention to the statute setting forth the grounds which may be considered and determined by the county election board in a contest filed against a successful candidate in a general election. Said grounds are set forth in 26 O.S.A. 392 (Laws 1944, Ex. Sess. p. 11, section 1). The statute reads as follows:

"Any candidate for county office may, at any time within sixteen days from the date of the general election, file with the secretary of the county election board his or her *challenge of the correctness of the announced results* of said general election by filing with the secretary of the county election board, whose duty it is to canvass the returns in such race, a verified statement setting forth a state of facts, which, if true, would change the result in his or her favor; or setting forth a state of facts showing that fraud has been committed in connection with such election, or both, which, if sustained, would affect the result of the election, and change the same in favor of the contestant."

It is to be noted that the challenge provided for by the portion of said section above is a challenge of the *correctness of the announced results* of said general election, or a challenge showing that fraud has been committed in connection with such an election, or both. It is clear that the contest filed by the defendant, Frankie M. Horn, in no sense challenged the correctness of the announced results of the election, or set forth any fraud in connection therewith, but that she attempted in said contest to have the county election board determine plaintiff's eligibility or ineligibility to hold the office to which he had been theretofore duly elected. It is also clear that neither by the plain language of the statute above quoted nor by any necessary implication therefrom was such power or authority conferred upon the defendant board.

We have held that the county election board, in exercising its authority to hear and determine an election contest arising out of a general election for county offices, exercises limited judicial

powers. Albright v. Election Board of Payne County, 172 Okla. 162, 44 P. 2d 995. We have also held that where opponents in an election to public office have litigated their rights in accordance with the provisions of said section 392, such litigation constituted a bar to any further action in the nature of quo warranto. State v. Payton, 170 Okla. 455, 41 P. 2d 61. But in neither of the above-cited cases does it appear that the ground of contest was one which was not contained in the statute, either in express terms or by reasonable implication.

The right to question one's eligibility for public office may be exercised at the time a candidate files his petition and notification for such office. 26 O.S.A. 165a, S. L. 1943, p. 91, §1. But there is no provision in our statute authorizing a contest to be filed on the ground that he is disqualified from holding office after he has been declared elected at the general election. The assumption of jurisdiction to determine that question is in excess of the jurisdiction of the county election board of Creek county, and by overruling plaintiff's motion to dismiss the contest, and his demurrer to its jurisdiction, it has indicated its intention to pass upon that question. Since this would be an unauthorized exercise of judicial power for which, as above stated, the law provides no speedy and adequate remedy, plaintiff is entitled to the relief sought in his original petition in this court.

Plaintiff's qualification or lack of qualification for the office and the effect of disqualification, if he is in fact disqualified, upon the votes cast for him in the general election are not before us for determination in this proceeding.

Writ granted.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, and GIBSON, JJ., concur.