MEYER v. JONES, Dist. Judge.

No. 34706.    June 6, 1950.

*219 P. 2d 620.*

Wayne W. Bayless, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen 1st Asst. Atty. Gen., for respondent.

J. B. Dudley and Paul Dudley, both of Oklahoma City, for J. M. Springer, protestant before the County Election Board, and plaintiff in the District Court prohibition action.

ARNOLD, V.C.J. This is an application to review the record of the proceedings in the district court of Nowata county wherein a writ of prohibition was issued to the election board of that county and said record is here.

The undisputed stipulated facts are: Petitioner, Arthur Meyer, has for several years been a bona fide resident of Nowata county and is registered to vote therein. He is a graduate of the University of Tulsa Law School and his application to take the forthcoming June bar examination has been accepted and approved and he intends to take said examination. He also hopes to pass the Bar examination, be recommended for admission to the Bar and receive a license to practice law in this state soon after the Bar exam-

ination is conducted. He is over 21 years of age.

Within the time prescribed by law Meyer filed his notification and declaration to become a candidate for the nomination of county attorney in the primary election to be held on July 4, 1950. Said notification and declaration was regular in every respect. The information given therein shows that he was at the time a student but does not disclose specifically that he was or was not at that time a licensed attorney. As indicated above, however, he is not licensed to practice law. The county election board accepted and approved his notification and declaration. A protest was filed on the sole ground that Meyer, petitioner, was not licensed to practice law and for this reason ineligible to seek the office of county attorney and therefore not entitled to have his name placed upon the primary ballot. The board denied the protest. The proceeding here sought to be reviewed was instituted and a writ of prohibition directing the board to leave petitioner's name off the primary ballot was issued in consideration of the foregoing facts.

It is provided by 26 O. S. 1941 §162 that any qualified elector who is a member of a political party, and who has affiliated with and supported the nominees of the political party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, upon filing with the proper officer, within the time provided by law, a notification and declaration of candidacy.

19 O. S. 1941 §181 provides:

"Any person, otherwise qualified, who is licensed to practice as an attorney in courts of record of the State shall be eligible to the office of county attorney."

It is conceded that the petitioner is "otherwise qualified."

It is contended that since Meyer was not licensed to practice law at the time he declared for the office of county attorney in the primary election, he did not meet the requirements of section 162, supra.

On the other hand, it is contended by petitioner that it is not required that one seeking party nomination for the office of county attorney be licensed to practice law at the time he files his notification and declaration therefor; and that the county election board is a ministerial body and must accept and approve and place the name of one who has filed his notification and declaration, regular upon its face, within the time prescribed by law, on the primary ballot.

In compliance with the plain mandate of the Constitution (section 5, article 3), the Legislature established our mandatory primary system. The Constitution does not prescribe the qualifications of county attorneys, but the Legislature prescribed by section 181, supra, that to be county attorney one must be licensed to practice law. This qualification was fixed before the enactment of the primary election law under consideration. The Legislature knew that this absolute qualification existed at the time of the passage of the present primary election Act and also knew that the effect of section 162, supra, if given the construction contended for by respondent, would have the effect of requiring that one submitting himself to the requirements of the Act in order to enjoy the privileges thereof would have to be licensed to practice law to hold the office of county attorney. There are reasons suggested designed to show that this was not the intent of the Legislature; likewise, there are reasons called to our attention with the purpose of showing that the Legislature so intended. Difference of opinion as to the advisability of legislation, not against public policy but enacted within the power conferred by the Constitution, makes no difference. Be all that as it may, we must assume that the Legislature, there being no ambiguity in its language, intended that before one was entitled to become

a candidate for the office of county attorney he must be licensed to practice law.

We do not have here the question of whether one nominated and elected or appointed to an office before he was eligible to hold the office can qualify therefor, he having become qualified after his election or appointment. The cases cited by petitioner, Demaree v. Scates, 50 Kan. 275, 32 P. 1123; Bradfield v. Avery, 16 Idaho, 769, 102 P. 687; State ex rel. West v. Breckenridge, 34 Okla. 649, 126 P. 806; Neelley v. Farr, 61 Colo. 485, 158 P. 458; Shuck v. State ex rel. Cope, 136 Ind. 63, 35 N. E. 993, holding that the qualifications fixed by law are applied as of the time of qualifying for the office, are not in point. We have here the sole question: Does the primary election law require as a necessary condition precedent that one desiring to file for county attorney in the primary election be a licensed attorney at the time he files his notification and declaration of candidacy?

In support of our holding that one who desires his party's nomination for county attorney in the regular primary election must be licensed to practice law at the time of the filing of the required notification and declaration see: Stafford v. State Election Board, 203 Okla. 132, 218 P. 2d 617; Champagne v. Democratic Parrish Executive Committee (La. App.) 192 So. 120; State v. Hall, 26 Wash. 2d 172, 173 P. 2d 153; Rasin v. Leaverton, 181 Md. 91, 28 Atl. 2d 612, 143 A. L. R. 1021; and State ex rel. Taylor v. Sullivan, 45 Minn. 309, 47 N. W. 802, 11 L. R. A. 272.

26 O. S. Supp. 1949 §165a provides:

"It shall be the duty of the Election Board with whom any notification and declaration is filed, to hear and determine all questions and objections that may arise concerning same; and the decision of such Board shall in all cases be final. If the legality or regularity of a notification and declaration is challenged, questioned or objected to upon any ground, the objections or grounds shall be set forth in a written petition which shall be filed with the proper Election Board, together with a copy for the candidate whose filing or candidacy is challenged. The same shall be set down by the Secretary of the Election Board for a hearing before the Election Board and notice of the filing of the petition and of the date and place of the hearing shall be served upon the candidate whose candidacy is objected to, challenged or questioned not less than seven days prior to the date of hearing, by either personal service or by leaving a copy thereof with some adult person at his place of residence as given in his notification and declaration. A copy of the notice shall also be mailed to him at his post office address as given in his notification and declaration. The petition may be heard without formal pleadings being filed in answer or reply thereto. The Election Board with whom the petition is filed shall have the authority . . . to receive the testimony of witnesses under oath, the oath to be administered by the Secretary of the Board. At the conclusion of the hearing the Board shall render its decision in writing. Any candidate's filing may be stricken, and his name stricken or ordered not placed upon the ballots if his candidacy is frivolous or not made in good faith, or is fraudulent or contrary to law. If his filing papers can be amended or corrected to conform to law, the same may be done upon order of the Election Board providing, the Board finds the amendment or correction proper at the date of its order or decision. No objection or challenge to a candidacy shall be filed after five days from the close of the filing period."

The required function of the county election board under the foregoing provision of law is quasi-judicial in character. It is correctly conceded that the district court and this court have the power and duty to prohibit such a board from exercising unwarranted judicial force. Under the facts of this case, and for the reasons hereinbefore set forth, petitioner is not entitled to have his name go upon the primary election ballot. To place his name on said ballot would constitute the exercise of power not authorized. Such a board can

exercise only such power as is conferred upon it by law. On the points see: Moore v. Vincent et al., 174 Okla. 339, 50 P. 2d 388; Yocham v. County Election Board, 198 Okla. 588, 180 P. 2d 831.

Writ denied.

CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. DAVISON, C. J., dissents.

DAVISON, C. J. (dissenting). I cannot agree with the majority opinion herein. 26 O. S. 1941 §162 provides that "any *qualified* elector" may file as a candidate "for an office to which he is *eligible*." Certainly the Legislature intended that the two italicized words should have different meanings. Otherwise the same word would have been used in both places. In the case of Stafford v. State Election Board et al., 203 Okla. 132, 218 P. 2d 617, the court held that the term "qualified elector" meant qualified at the time of filing as a candidate. That opinion has no bearing on the question here presented. If the Legislature had so desired, it could have said, in the second phrase above, "for an office to which he is qualified." But the Legislature used the word "eligible" instead of "qualified."

The case of State v. Breckinridge, 34 Okla. 649, 126 P. 806, is established law in this state and has never been questioned. Therein, the opinion discusses the meaning of the word "eligible" at length and cites numerous cases from other jurisdictions. The following quotations from State v. Van Beek, 87 Iowa, 569, 54 N. W. 525, 19 L.R.A. 622, 43 Am. St. Rep. 397, was there adopted and made the law of this state:

"Any person who *can qualify* himself to take and hold an office *is eligible* to it at the time of the election." (Italics mine.)

Also, quoting from Demaree v. Scates, 50 Kan. 275, 32 P. 1123, 20 L.R.A. 97, 34 Am. St. Rep. 113,

". . . the word 'eligible' as used in the statute, means 'legally qualified'; that is, capable of holding office. The term 'eligible,' as used, does not mean 'eligible to be elected to the office of county commissioner at the date of the election, but eligible or legally qualified' to hold the office after the election; that is, at the commencement of the term of office."

For these reasons, I respectfully dissent.