MARTIN v. COUNTY ELECTION BOARD OF McCLAIN COUNTY et al.

No. 35573.  June 20, 1952.

*245 P. 2d 714.*

Purman Wilson and Murray F. Gibbons, Purcell, for plaintiff in error.

L. D. Harris, County Atty., McClain County, Purcell, and John E. Luttrell, Norman, for defendant in error.

HALLEY, V.C.J.  The parties will be referred to according to the positions they occupied in the trial court.

On April 29, 1952, the plaintiff filed his declaration for the Democratic nomination for the office of county superintendent of schools of McClain County, Oklahoma, with the election board of that county. On May 10, 1952, Clarence B. Page, secretary of the county election board of McClain county, informally notified the plaintiff that a question had arisen as to plaintiff's qualifications as a candidate for the office for which he had filed, and on May 10, 1952, wrote the plaintiff that there would be a hearing on Wednesday evening, May 14, to determine whether the plaintiff had the necessary qualifications to file for the office of county superintendent of schools. The hearing was had on May 14, and plaintiff was notified that his filing would be refused unless it were shown to the board that he was eligible to become a candidate for the office of county superintendent of schools.

On May 15, after communicating with the Secretary of the State Election Board on the matter, the plaintiff was called by the secretary of the county election board and notified that the action of the board in rejecting his application on May 14 was final. This suit for writ of mandamus was filed May 21, 1952.

It appears from the evidence that Wesley A. Martin possessed the qualifications which would entitle him to an administrator's certificate issued by the State Board of Education, but at the time of the filing of his notification and declaration with the county election board he did not possess such administrator's certificate and did not obtain such certificate until May 19, 1952, after the time for filing for county offices had closed.

There are two questions raised in this case. The first is: Does the county election board, in the absence of protest, as contemplated by Title 26, sec. 165-A, O.S. 1951, have the authority on its own initiative to pass upon the qualifications of a candidate? The second question is whether the plaintiff was entitled to file for the office of county superintendent of schools when he pos-

sessed the qualifications which would entitle him to an administrator's certificate, but did not possess an administrator's certificate at the time he filed for office.

On the first question, under Title 26, Sec. 165-A, O.S. 1951, it is provided:

"It shall be the duty of the Election Board with whom any notification and declaration is filed, to hear and determine all questions and objections that may arise concerning same; and the decision of such Board shall in all cases be final. * * * Any candidate's filing may be stricken, and his name stricken or ordered not placed upon the ballots, if his candidacy is frivolous, or not made in good faith, or is fraudulent or contrary to law."

That section further provides:

"No objection or challenge to a candidacy shall be filed after five days from the close of the filing period."

It is the duty of the county election board to check the filings and if, in their opinion, a candidate's filing does not meet the requirements of law, it is their duty to so say and to strike such filing and order that the name not be placed upon the ballot. We have approved the action of the State Election Board in refusing to accept filings because the filing tendered was contrary to law in the cases of McCain v. State Election Board, 144 Okla. 85, 289 P. 759; Craig v. Bond, 160 Okla. 34, 15 P. 2d 1014; and Stafford v. State Election Board, 203 Okla. 132, 218 P. 2d 617. We are of the opinion that the same rule applies to county election boards, and that they have the duty of striking a filing when the filing is contrary to law.

As to the second question, the plaintiff urges that he possessed all the qualifications required by 70 O.S. 1951 §3-1, wherein it is provided as follows:

"No person shall be eligible to nomination, appointment or election to the office of County Superintendent of Schools unless (1) he is a qualified elector of the county; (2) has a standard bachelor's degree from a college recognized by the State Board of Education; (3) is the holder of an appropriate administrator's certificate issued by the State Board of Education; * * * No person shall be allowed to file as a candidate for nomination or election to the office of county superintendent of schools nor shall the name of any person appear on any election ballot as a candidate for such office unless he then has the qualifications herein prescribed."

We think the intention of the Legislature is very plain on this question. A person, according to Requirement (3) above, must be the holder of an appropriate administrator's certificate issued by the State Board of Education. It is admitted that the plaintiff, at the time he filed for office, did not have such appropriate administrator's certificate. The statute specifically says that no person shall be allowed to file for the nomination for county superintendent of schools, nor shall his name appear on the election ballot as a candidate for such office, unless he has the qualifications therein prescribed. The plaintiff did not possess such qualifications, so under the rule laid down in Meyer v. Jones, 203 Okla. 160, 219 P. 2d 620, the plaintiff was not eligible to file for office; and the action of the trial court in sustaining the demurrer to the evidence and denying the writ of mandamus is hereby affirmed.

WELCH, O'NEAL, DAVISON, and JOHNSON, JJ., concur.