George H. Jennings, Sapulpa, for plaintiff in error.

Don W. Walker, Streeter Speakman, Jr., Sapulpa, for defendant in error.

DAVISON, Justice.

This is an action in the nature of quo warranto, brought for the purpose of determining the title to the office of County Superintendent of Schools of Creek County, Oklahoma, for the term beginning on 'July 2, 1951. The parties appear here in the same order and will be referred to as they appeared in the trial court; namely, Mrs. M. L. Murphy, as plaintiff, and J. L. Darnell, as defendant.

The defendant was inducted into office under authority of a certificate of election thereto for the term beginning on said date, July 2, 1951. Plaintiff was the duly qualified holder of the office for the term ending on that date, claiming the right to continue therein because of the alleged lack of eligibility and qualification of the defendant for the office.

It is provided by 70 O.S.1951 § 3–1, that "* * * No person shall be eligible to nomination, appointment or election to the office of County Superintendent of Schools unless * * * (he) (3) is the holder of an appropriate administrator's certificate issued by the State Board of Education; * * *." There is little dispute as to the relevant facts herein. Defendant had no such certificate as required by the quoted statute when, on April 28, 1950, he filed a notification and declaration of candidacy for nomination on the Democratic ticket as the candidate for such office. On May 6, 1950, a temporary certificate was issued to him, which expired on June 15th of the same year. He was not issued another certificate until June 28, 1951. He received a majority of the votes at the primary election on July 4, 1950, and at the general election on November 5, 1950, and was issued a certificate of election by the County Election Board. He was inducted into office July 2, 1951. The foundation of this action is the alleged ineligibility of defendant for the office because he did not hold or possess the required certificate of the State Board of Education on the date of filing for candidacy, on the date of the primary election or on the date of the general election. Plaintiff contends that defendant was not qualified to hold the office and that she, being qualified, holds over until her successor is properly elected and qualified.

This court has held, in the case of Martin v. County Election Board of McClain Co., 206 Okl. 597, 245 P.2d 714, that, under the provisions of 70 O.S.1951 § 3–1, a County Election Board is justified in refusing to accept the filing of a person as a candidate for the office of County Superintendent of Schools if he did not possess such administrator's certificate. But that is not the question now before us. Defendant's filing was accepted and there was no objection or challenge to his candidacy within the period prescribed therefor by 26 O.S. 1951 § 165a. The filing or the eligibility for filing cannot be questioned at this late date, being prohibited by the last above cited statute. The only question now before us is the eligibility to hold the office. This is an action in the nature of quo warranto.

Much the same situation would have arisen had the defendant not received a majority of the votes cast at the primary election, or the general election, and never-

theless had been issued a certificate of election. In the case of State ex rel. King v. Payton, 170 Okl. 455, 41 P.2d 61, 63, it was said, with reference to election contests, that:

"By the act of 1927 [26 O.S.1951 § 391], the right of an individual to try title to public office by quo warranto is replaced by his right to contest said election as in said act provided. * *

"* * * In the present case, the defendant holds title to the office in question, which title has been tried by the *exclusive* method provided for that purpose, by a court of competent jurisdiction (County Election Board) whose judgment cannot be collaterally attacked. * * *" (Italics ours.)

■ The same reasoning applies to questioning a person's eligibility to file as a candidate. The exclusive method to challenge, question or object to the "legality or regularity of a notification and declaration" is provided by 26 O.S.1951 § 165a. The action of the County Election Board in placing the applicant's name on the ballot as a candidate for the office is in the nature of a judgment of that body in its semi-judicial capacity and that judgment cannot be collaterally attacked. Any person desiring to raise the question of eligibility of a proposed candidate may do so under the provisions of said statute. Not having done so, he cannot, thereafter, question that final action of the board. Such a protest may be filed by anyone, whether he be a member of the political party, in which the filing has been made, or not. Darst v. County Election Board of Craig County, 194 Okl. 469, 152 P.2d 912.

■ Thus, the only question to determine here is whether or not the defendant was disqualified to be inducted into office on July 2, 1951. He had been issued a proper certificate on June 28, 1951. In the early case of State ex rel. West v. Breckinridge, 34 Okl. 649, 126 P. 806, 809, this court had occasion to discuss the meaning of the word "eligible" as it applies to eligibility to hold office when questioned in an action in the nature of quo warranto. Therein the cases from numerous jurisdictions are discussed.

Quoting from the case of State ex rel. Perine v. Van Beek, 87 Iowa 569, 54 N.W. 525, 19 L.R.A. 622, this court approved and adopted the following rule of law:

"* * * 'Any person who can qualify himself to take and hold an office is eligible to it at the time of the election.' * * *"

Other cases to the same effect are therein cited.

It must be borne in mind that the instant action is in the nature of quo warranto and unless it affects defendant's eligibility to hold office, we are in no way concerned with his eligibility for nomination or election to that office. That question can only be litigated in the method provided by 26 O.S.1951 § 165a, as above discussed, and in those cases where we have considered the question when so litigated, the pronouncement of the applicable rules of law were not determinative of the issues here. The difference was recognized in the case of Meyer v. Jones, 204 Okl. 160, 219 P.2d 620, 622, wherein it was said:

"We do not have here the question of whether one nominated and elected or appointed to an office before he was eligible to hold the office can qualify therefor, he having become qualified after his election or appointment. * * *"

The same general statement was made in the case of Stafford v. State Election Board, 203 Okl. 132, 218 P.2d 617. As herein above pointed out, the case of Martin v. County Election Board, supra, is in the same category.

■ Because plaintiff could not, in this action, contest defendant's eligibility for nomination or election, and because defendant had become eligible to hold the same before being inducted into office and before this action was commenced, the trial court was correct in rendering judgment for defendant.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, ARNOLD and BLACK-BIRD, JJ., concur.

CORN and WILLIAMS, JJ., concur in result.

O'NEAL, J., dissents.

CORN, Justice (specially concurring).

I concur in the result reached by the majority opinion, but disagree with the law announced in the syllabus.

A part of 70 O.S.1951 § 3-1, which is omitted from the majority opinion is as follows:

"No person shall be allowed to *file* as a candidate for *nomination* or *election* to the office of county Superintendent of schools nor shall the name of *any person* appear on any election ballot as a *candidate* for such office unless he *then* has the qualifications herein prescribed."

My concurrence in the result of the majority opinion is based upon the holding of the trial court, to wit:

"The Court will further hold that the portion of the statute with relation to the qualifications of county superintendents of schools wherein the Legislature deems to delegate authority to the State Board of Education to control who might file, run for, or hold, the office of county superintendent by virtue of the necessity of an appropriate certificate, construed in connection with the statute, puts no limitation upon the requirements of such certificate, is an unauthorized delegation of the Legislative power and in violation of the constitution; that the statute is further unconstitutional for the reason it is indefinite in such manner that any person attempting to file for public office is unable to determine what the requirements for that office are."

That portion of the statute declaring no person is eligible to file as a candidate, in the absence of the enumerated qualifications, leaves squarely for this court's consideration the question as to the correctness of the trial court's adjudication that the provision requiring any candidate to hold a valid administrator's certificate at the time of filing as a candidate for the office, was unconstitutional and void.

The plaintiff in error, in her brief contends: "The involved provisions of the 1949 School Code are not unconstitutional, and the trial court erred in not so holding." And then presents argument and cite authorities in support of said contention.

The defendant in error, in his brief states: "The involved portion of the 1949 School Code (70 O.S.1951) are a nullity for the reason that they delegate legislative power and authority to the State Board of Education in violation of Constitutional Prohibitions", and then presents argument and cite authorities in support of his contention.

The constitutionality of the act was passed on by the trial court and properly presented in this appeal and should be decided in an opinion promulgated by this court.

If the rule announced in the majority opinion becomes the law it will permit a person who has never lived in this state, but is a resident of some other state, to file for county superintendent in any county in this state by making a false affidavit, which may not be discovered at the time of filing, or until after the election and then move into Oklahoma in time to qualify before the date to take office. I am not willing to place that kind of a construction on said statute.

If a person is not qualified to file for an office as required by statute, but does so by making a false affidavit, thereby obtaining such filing by fraud, the filing is a nullity. This rule is aptly stated in the text of 42 Am.Jur. 910, Public Officers, Sec. 39, which reads as follows:

"The courts are frequently called upon to determine the question as to when the conditions of eligibility to office must exist, whether at the time of election, the commencement of the term, or the induction into office. In ascertaining this matter, the language used in the constitutional or statutory provision declaring the qualifications is to be considered. It may expressly or by

necessary implication specify the time when the required eligibility must exist. Where such is the case, there can be no question but that the candidate must possess the necessary qualifications at that time. * * *"

