**Max FINDLEY, Petitioner,**

v.

**The STATE ELECTION BOARD OF the State of OKLAHOMA, George D. Key, Chairman, Leo Winters, Secretary, and Stanley Neiswander, Member, Respondents.**

No. 38291.

Supreme Court of Oklahoma.

June 2, 1958.

Paul Updegraff, Norman, Max Findley, Wagoner, pro se., for petitioner.

Leo Winters, Oklahoma City, for respondents.

F. M. Dudley, Mac Q. Williamson, Oklahoma City, for intervenor.

Herbert K. Hyde, Oklahoma City, amicus curiae.

HALLEY, Justice.

This is an original proceeding in mandamus commenced by Max Findley to compel the State Election Board, consisting of George D. Key, Chairman, Leo Winters, Secretary and Stanley Neiswander, Member, to place his name on the ballot as a candidate for the Democratic party for the office of Attorney General of the State of Oklahoma at the primary election to be held on the first Tuesday in July, 1958.

Mac Q. Williamson was granted permission to intervene and in his petition in intervention alleges that he is a candidate for the Democratic nomination for the office of Attorney General of the State of Oklahoma and filed a protest with the State Election Board, challenging the notification and declaration and candidacy of Petitioner herein, Max Findley, for the Democratic nomination for that office, and his protest was sustained by the State Election Board on May 19, 1958.

We shall refer to Max Findley as Petitioner and to Mac Q. Williamson as Intervenor.

Intervenor alleges that petitioner's application for this Court to assume original jurisdiction does not state facts sufficient to entitle him to any relief; denies that petitioner has been a legal resident of Oklahoma "for many years", but alleges that petitioner has not been a qualified elector of this State for a period of ten (10) years next preceding his filing his notification and declaration of candidacy for the Democratic nomination for the office of Attorney General of Oklahoma with the State Election Board; that petitioner has not at this time, been a qualified elector of this State for a period of ten (10) years and cannot be such prior to October, 1958.

Intervenor alleges that petitioner was not 31 years of age at the time he filed his notification and declaration of candidacy, and is not at this time 31 years of age, and will not be 31 years of age at the time of the primary election in July, 1958, and will not be 31 years of age until August 6, 1958, and denied that petitioner is entitled to any relief under the existing facts, and that it was the duty of the State Election Board to sustain the protest of intervenor and to strike petitioner's filing as a candidate, and to order petitioner's name not placed upon the ballot of the primary election to be held July 1, 1958, and that the action of the Board on May 19, 1958, was legal and proper, and prays that this Court uphold the action of the State Election Board in holding petitioner not qualified to have his name on the ballot as a candidate for Attorney General for the primary election to be held July 1, 1958.

Petitioner, Max Findley, admitted that he is not presently thirty-one (31) years of age, and has not presently been ten (10) years a qualified elector of this State but states that he was born August 6, 1927, and will be thirty-one years of age on August 6, 1958. He further alleges that he first became a registered voter in Oklahoma on October 15, 1948, when registered in Precinct No. 126, Tulsa County, and has been a qualified elector continuously since that date. He asserts that he will meet the constitutional requirements for Attorney General by November 4, 1958, the date of the General Election, and is now qualified to seek the nomination of the Democratic party as its candidate for Attorney General of Oklahoma; that the action of the State Election Board in striking his notification and declaration to become a candidate is contrary to law and deprives him of the valuable right to become a candidate for public office, and

having no adequate remedy at law, he seeks a writ of mandamus by this Court to require the State Election Board to reverse its action of May 19, 1958, and include his name as a candidate for Attorney General on the Democratic ticket at the primary election to be held July 1, 1958.

It is apparent that there is no dispute as to the principal facts before us. The issues on which the parties disagree involve a proper construction of the applicable provisions of our State Constitution and statutory provisions defining the qualifications and eligibility of candidates for the office of Attorney General.

Article VI, Section 1 of our State Constitution creates the office of Attorney General and Article VI, Section 3, provides the qualifications of a candidate for such office, the material part of which is as follows:

"No person shall be eligible to the office of * * * Attorney General * * * except a citizen of the United States of the age of not less than thirty-one (31) years and who shall have been ten (10) years next preceding his or her election, a qualified elector of this State. * * *"

■ The above provision provides that for one to be eligible for the office of Attorney General, he must be a citizen of not less than 31 years of age next preceding " * * * his or her election, a qualified elector of this State." Does this mean that such person must have met the above requirements, (thirty-one years of age and ten years next preceding his or her election, a qualified elector of this State) prior to his election or should he meet these dual requirements prior to any primary election? In a primary election one is only nominated, if successful, and not elected to the office he seeks. He can only be elected at the General Election.

Under the facts before us petitioner will meet the two necessary requirements prior to the General Election in November, 1958, when he or some other candidate will be "elected" and not merely "nominated." We can only conclude that Article VI, Section 3, supra, means that the eligible qualifications provided therein mean that a candidate must meet these qualifications when elected at the General Election, and not at a primary election whereby a candidate may only be nominated as a candidate for election at the General Election.

■ Intervenor relies upon the decision of this Court in Stafford v. State Election Board, 203 Okl. 132, 218 P.2d 617, and states that while our Constitution does not prescribe the qualifications of a candidate in a primary election, Section 5 of Article III of our Constitution does provide in part as follows:

"The Legislature shall enact laws providing for a mandatory primary system, which shall provide for the nomination of all candidates in all elections for State * * * officers, for all political parties, * * *."

The above provision does authorize the Legislature to prescribe qualifications for those desiring to become a candidate for nomination in a primary election as a candidate of his political party, and these requirements are in addition to the constitutional requirements as to eligibility. Intervenor says that the qualifications required by the Legislature as to eligibility in a primary election are in addition to the constitutional requirements in Article VI, Section 3, supra. Section 162, 26 O.S.1951, provides in part as follows:

"Any qualified elector, as defined in the Constitution and laws of the State of Oklahoma, who is a member of a political party, and who is now and has been affiliated with such legally recognized party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, upon filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy. * * *"

The ruling in the Stafford case, supra, is not applicable here. The statute plainly says that "Any qualified elector * * * shall have his name printed on the official ballot of his party for an office for which he is eligible in any primary election * *" on filing "a Notification and Declaration of candidacy. * * *" Billy Joe Stafford was not a "qualified elector", because he was not 21 years of age at the time he sought to have his name placed upon the primary ballot, and the Court properly held that he was not eligible, although he would be 21 years of age on the date of the General Election. Max Findley was a "qualified elector" when he asked to have his name placed on the primary ballot.

While the Legislature by Article III, Section 5 of our Constitution was given authority to enact laws controlling primary elections, it does not follow that it may change in any manner the Constitution. If we construe Section 162, 26 O.S.1951, to mean that a candidate for Attorney General must be 31 years of age when he files his declaration to be a candidate of his party in a primary election, such construction would in effect result in amending Article VI, Section 3 of our Constitution to provide that for one to be eligible to the office of Attorney General he must be of the age of 31 years, plus approximately 7 months, and have been a qualified elector in this State for 10 years and approximately 7 months next preceding his or her election. This is an unreasonable construction of our Constitution and obviously never intended. If the Legislature can enlarge or extend the age and years when a candidate must have been an elector to qualify as a candidate for Attorney General it could also extend or diminish the years of qualification of candidates for other State officers.

The petitioner has all of the qualifications to make him "eligible" if that word as used in 26 O.S.1951 § 162, means now possessing the ability to be finally elected, and as thus construed it would not conflict with our Constitution. Max Findley will be over 31 years of age by the date of the General Election in November, 1958, and will then have been a qualified elector for over ten years next preceding the date of the General Election. The passing of time is inevitable, and that will make petitioner eligible to be elected Attorney General.

The cases of Meyer v. Jones, 203 Okl. 160, 219 P.2d 620 and Martin v. County Election Board of McClain County, 206 Okl. 597, 245 P.2d 714, are distinguishable from the case at bar in that the petitioners did not have the qualifications for the positions sought nor was it shown they would have such qualifications by the General Election. Many other cases are cited in the briefs but we find none where the facts are the same as those before us and deem it unnecessary to discuss them.

The writ of mandamus is hereby granted requiring the State Election Board to place the name of Max Findley upon the Democratic primary ballot to be held July 1, 1958.

CORN, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

DAVISON, J., concurs in result.

WELCH, C. J., and WILLIAMS, J., dissent.

DAVISON, Justice (concurring in result).

I concur in the result reached by the majority opinion. I am of the opinion, however, that the case of Meyer v. Jones, District Judge, 203 Okl. 160, 219 P.2d 620, should be overruled in so far as it conflicts with the opinion herein. I think the first section of the syllabus in that case is too broad and that the opinion reached an erroneous result. I call attention to my dissenting opinion in that case and again adopt the language in that dissenting opinion as though it was fully set out herein.

The stipulated facts in the Meyer case, supra, were: Petitioner, Meyer, had for several years been a bona fide resident of Nowata County and was registered to vote

therein. He was a graduate of the University of Tulsa Law School and, his application to take the forthcoming June bar examination had been accepted and approved and he had intended to take the bar examination at that time. He expected to pass in that examination and receive his license to practice law soon after the examination. That throughout his law studies in Tulsa University, he had maintained a "B" average. That ninety-five per cent of the graduates of Tulsa University passed the bar examinations. That had Meyer passed the June bar examination he would have been eligible to hold the office of County Attorney had he been elected in the November election. In that case it was conceded that Meyer was in every way qualified to hold the office with the exception that he was not eligible to hold said office in May, the date he filed as a candidate for such office. There was a reasonable probability that Meyer would have been eligible to hold that office on the day of and after the November election.

In my opinion the rule of law in a case having the factual situation as presented in the Meyer case, and under the facts in the present case, under 26 O.S.1941, sec. 162, should be that a candidate who is a qualified elector may file as a candidate for an office if there is a *reasonable probability* that he will be eligible to hold the office after the election; that is, at the commencement of the term of office.

I respectfully concur in the result reached by the majority opinion.

WELCH, Chief Justice (dissenting).

The majority opinion plainly substitutes *anticipated future* eligibility for *present* eligibility. The opinion confuses *eligibility to hold* office, which will ripen into existence before the November General Election with legally required present *eligibility to seek party nomination* for election to the office at the July Primary Election.

Eligibility to *hold* the office is provided by valid constitutional provision. Eligibility to *become a candidate* for party nomination for election to the office is provided by valid statutory provisions.

A valid constitutional provision is binding on all. Valid statutes until repealed are no less binding on all.

Both the Constitution and statutory election law should be sustained, requiring all alike who, either by election or appointment, would take or assume an office, to comply with the valid law as to *eligibility to hold* office, and requiring all alike who would seek party nomination for election to office to comply with valid election laws as to *eligibility to become such candidate*.

Heretofore that has been the holding of this Court. In several cases including Stafford v. State Election Board, 203 Okl. 132, 218 P.2d 617; Meyer v. Jones, 203 Okl. 160, 219 P.2d 620, prospective candidates at filing time were not presently eligible to file though each could have attained eligibility to hold the office before the general election. We there held each to the rule that he could not become a candidate for lack of present eligibility under the statute to become a candidate in the primary election.

This Court denied each of them the right to file and become a candidate because the law required such a ruling. There has been no change in the law.

Of course I recognize the power of this Court to change its ruling, but I urge that it ought not to do so without pointing out wherein these former decisions are wrong, and overruling them.

Likewise I recognize the power of this Court to find and to declare legislative acts to be invalid in whole or in part but there again we should not depart from any statutory election law of the State without pointing out wherein and why it is invalid.

The primary election law requires many things for one to be and to do and some things he must not do or not be as governing his eligibility to become a candidate (not included in the Constitution). Which one or more of such provisions are invalid? Why not enforce them all? (As we have

in the past) or point out exactly which such provisions are illegal?

I think they are all legal. They were adopted by expressed direction of the Constitution. In Stafford, supra, this court held in paragraph two of the syllabus:

"By Sec. 5, Article 3 of the State Constitution the Legislature is given full authority to prescribe a regulatory primary system for the purpose of allowing the voters at such primary to name candidates for the political parties to be presented to the voters at the general election, and this carries with it the authority to prescribe the qualifications of a candidate in such primary election.

That constitutional provision authorized the Legislature and gave the Legislature full power to prescribe additional requirements, or in fact, additional qualifications or conditions precedent for any person to enter into public office through primary election, in addition to the primary qualifications of eligibility to hold office stated in the Constitution, so long as the legislative provisions are reasonable and are not opposed to the specific provisions in the Constitution or to the spirit of the Constitution. See Throop on Public Offices page 82. The substance of what I have said in this paragraph was stated and approved in Stafford, supra, and was there supported by a quotation from the well known authority Throop.

While Mr. Findley complied with the requirements that he file his notification and declaration to become a candidate, he did not bring himself into compliance with the other requirements of the statute. It was for that reason that the State Election Board sustained the protest to his becoming a candidate. Mr. Findley, under the law, was not eligible to become a candidate for nomination as a candidate for election to the office of Attorney General, and therefore the State Election Board ordered his name not placed on the ballot for the primary election on July 1, 1958.

In Meyer, supra, the County Election Board accepted and approved a notification and declaration to become a candidate for nomination as a candidate for office of County Attorney. He was not then eligible to become a candidate for election to that office by reasons of the provisions and requirements of the primary election laws. For that reason the District Court in a proper action prohibited the Board from leaving the candidate's name on the primary ballot, and this court affirmed.

The allowing of Mr. Findley to become a candidate at this primary election is directly contrary to the statutory primary election laws now in force. Therefore he cannot be permitted to become such candidate unless the laws are invalid which set out the requirements to become a candidate with which he has not complied, and as I view it, the decision of this Court permitting him to become such candidate is contrary to the decisions in Stafford and Meyer, supra. If this Court is to decree him permission to become such candidate the decision should point out those specific provisions of our primary election laws which are invalid, and should overrule in whole or in part the decisions in Stafford and Meyer, supra.

In the Stafford and Meyer cases this Court specifically refused to adopt or apply the rule that *future anticipated eligibility* to *hold the office* (to come before general election) should be accepted and substituted for required *eligibility to seek party nomination* for election to office.

That was because such a rule would be contrary to valid election law. It is no less contrary now. The State Election Board followed our former holdings (not yet overruled) and followed valid statutory election laws (not yet held invalid in whole or in part) and the Board should be upheld.

All laws should be clear, but the rules and laws applying to our elections should be crystal clear, so that candidates, voters and election officials could know what is required and so that all could comply there-

with and so that all could be required to comply therewith.

The governing rule is not clear when we apply the rule to Mr. Findley that he may be a candidate because of future anticipated eligibility to come between the primary election and the general election, but say that Stafford and Meyer could not become candidates for lack of present eligibilities though each of them could have attained complete eligibility between the primary election and the general election.

It is not only the spirit of our law, but the stated provisions of the law that a citizen must be qualified and eligible to hold an office in our State when he files his notification and declaration as a candidate for party nomination for election to that office.

What is wrong with the rule anyway that a man must be fully qualified and eligible to hold an office before he can ask his political party to name him as its nominee for election to an important office of our State? That is evidently the way the people want it as they have so provided through their representatives in the legislature. That has been the law many years without change, and the people and the courts have followed and applied it.

If the people want to change it and provide that a man may be nominated before he is eligible to hold the office couldn't they do that through the legislature? I do not think this Court should change it.

There is nothing in the Constitution that speaks either way on the point. The Constitution does not say that a man can seek his party nomination before he is eligible to hold the office, nor does it say he cannot do so. Surely then it is a matter for the people to say by legislation, and they have done so by legislation that I think is valid. This Court should just carry on and continue to enforce it as we have in the past.

In my view the majority opinion confuses the valid constitutional provisions as to *eligibility to hold* public office with the just as valid statutory provisions as to *eligibility to become a candidate* for party nomination for election to public office.

Further, as I view it, the majority opinion overlooks or passes over valid provisions of our primary election law without pointing out exactly which of such provisions thereof are invalid; and departs from or declines to follow rules of our former decisions. I think that confuses precedent.

For these reasons I respectfully dissent to the majority opinion.

WILLIAMS, Justice (dissenting).

The Constitution does not state that any person 31 years of age having been 10 years a qualified elector of this state shall be eligible to the office of Attorney General, nor has the legislature so spoken. Rather, to the converse, the Constitution states that *"no person shall be eligible* to the office of * * * Attorney General * * *, *except* a citizen of the United States of the age of not less than thirty-one (31) years and who shall have been ten (10) years next preceding his or her election, a qualified elector of this State."  (Art. VI, Sec. 3) (Emphasis added)

As said in the Stafford decision referred to by the majority, the Legislature was granted authority by the Constitution (Art. III, Sec. 5) to prescribe a regulatory primary system [203 Okl. 132, 218 P.2d 617] "and this *carries with it the authority to prescribe the qualifications of a candidate* in such primary election." (Emphasis added.)

Now, Title 26 O.S.1951 § 162, provides in pertinent part, "Any qualified elector, as defined in the Constitution and laws of the State of Oklahoma, who *is* a member of a political party, and who *is* now and has been affiliated with such legally recognized party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he *is* eligible in any primary election, upon filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy". (Emphasis added.)

The use throughout the list of requirements in this statute of the present tense indicates to me that the legislature intended that a proposed candidate seeking party nomination be as of the date of the filing of his Notification and Declaration *presently* both an elector, a party member, currently and in the past affiliated with such party, and presently eligible (including being 31 years of age and having been ten years a qualified elector.)

These requirements are not attempts to subtract something from those set up in the Constitution, which could not be approved, but rather are merely additional requirements thought advisable by the legislature written by it into the laws which the Constitution mandated it to write establishing a primary election system.

I therefore respectfully dissent.