MUNICIPAL ELECTIONS — IRREGULARITY IN FILING FOR CANDIDACY Any objections to any irregularity in the filing for candidacy for a municipal election are waived and barred if not made within the statutory time and the expenses of that election are the responsibility of the city involved. The Attorney General has considered your request for an opinion involving a situation wherein the election board accepted a filing less than ten days before the scheduled election. This was the only contested race in that city, and therefore, created the necessity for an election. The questions you have asked are as follows: 1. Should a candidate be allowed by the County Election Board to file after the statutory filing date? 2. In the event an election was held under these circumstances, is the city responsible for the expenses of that election? Title 11 O.S. 48 [11-48] (1961) provides: "Any elector may become a candidate before any political party for its nomination for any office herein specified in any primary election by filing with the county election board, not more than fifteen (15) nor less than ten (10) days before the date of such primary, a written notice, setting forth his name as he desires it to appear upon the ballot, his postoffice address and in cities shall give his street number and ward. He shall, in such notice, state the name of the office for which he desires to become a candidate and shall give the date of the primary and specify the political party of which he desires to be a candidate." Title 11 O.S. 26 [11-26] (1961), states: "The law governing the general elections in the State of Oklahoma shall in all respects govern the elections herein provided for, except where herein otherwise provided. The law governing contests for county office is hereby made specifically applicable to municipal elections . . ." As stated above, the Oklahoma Statutes in municipal elections provide for the candidate to file from ten (10) to fifteen (15) days before the election date. The Oklahoma Statutes also provide for the law governing elections in the State of Oklahoma and the law governing county elections are made applicable to municipal elections. Thus, we would go to the law governing state and county elections which is contained in Title 26 of Oklahoma Statutes. Title 26 O.S. 162 [26-162] (1970), provides for the notice and declaration to be filed with the proper election board, which in this case, would be the county election board. Title 26 O.S. 165a [26-165a] (1970), provides for objections to notification and declaration as follows: ". . . If the legality or regularity of a notification and declaration is challenged, questioned, or objected to upon any ground, the objection or ground shall be set forth in a written petition which shall be filed with the proper election board, together with a copy for the candidate, whose filing or candidacy is challenged . . . No objection or challenge to the candidacy shall be filed after 5:00 P.M. on the second day following the close of the filing period." Thus, a person making objections to the filing for candidacy has two days after the close of the filing period in which to make his objections, in writing, or otherwise be barred. In the case of Murphy v. Donnell, Okl., 268 P.2d 860 (1964), involved a situation where the candidate filed with the county election board and his filing was accepted although the candidate did not possess the appropriate certificate issued by the State Board of Education. The candidate's filing was accepted and there was no objection or challenge to his candidacy within the required period prescribed for by 26 O.S. 165a [26-165a] (1970). The Court held the filing or eligibility for filing cannot be questioned at this late date, being prohibited by the last cited Statute. In Wickersham v. State Election Board, Okl., 357 P.2d 421 (1960), the Oklahoma Supreme Court held that where the petitioner failed to comply with the Statute requiring that any objection to the legality and regularity of a notification and declaration to be filed within five (5) days from the close of filing, the petitioner was barred from challenging the eligibility of the candidate after the general election. As stated in 26 O.S. 165a [26-165a] (1970), and the two above cited cases, a person challenging the eligibility of a candidate or elected official has a specified method and time in which to make his objection, and if he fails to do so, he is barred from objecting to the candidacy or qualifications of the elected person to hold office. In summary, the person filing for a municipal election must file within ten (10) to fifteen (15) days before the date of the election. Concerning the method and procedure for filing, he must go to the law involving state and county elections to determine what the requirements are. The State law requires the candidate to file a notice and declaration with the Secretary of the County Election Board. From the facts cited in your letter, the candidate apparently filed with the county election board, but failed to do so within the required time. However, since no proper objection was made to his filing within the required time, there are no grounds for contesting the candidacy and subsequent election involved, and therefore, the election is valid. The next issue to determine is whether or not the city is responsible for the expenses of the election. Assuming the election to be valid, we then turn to Title 11 O.S. 28 [11-28] (1961), which provides: ". . . The expense of conducting such election shall be properly certified by said county election board to the city council or town board of trustees, who shall make proper appropriations there for." It is the opinion of the Attorney General that the election involved was valid and that there are no grounds for contesting the candidacy involved. In that event, the city involved is responsible for the expenses of that election. (Todd Markum)