ADAIR v. CABLE.

No. 35336.    Aug. 5, 1952.

Rehearing Denied Sept. 9, 1952.

248 P. 2d 599.

Lewis F. Oerke, Lawton, and Hall & Cotten, by D. H. Cotten, Oklahoma City, for plaintiff in error.

John W. Tyree and C. S. McCuistion, Lawton, for defendant in error.

HALLEY, V.C.J. The parties will be referred to according to the positions they occupied in the trial court, the reverse of their positions in this court.

Joe R. Cable was elected city marshal of the city of Lawton, Oklahoma, on April 4, 1949, and was the Democratic nominee for the same position at the general election held in the city of Lawton on April 3, 1951. N. C. (Newt) Adair, the defendant below, filed for the Republican nomination for city marshal in March, 1951, and no other person filed for the Republican nomination, and Adair was issued a certificate of nomination to said office by the county election board of Comanche county. In the general city election had on the 3rd day of April, 1951, Joe R. Cable was shown on the ballot as the Democratic candidate for city marshal, and N. C. Adair was shown as the Republican candidate; and as a result of that election N. C. Adair received the highest number of votes for the office. Suit was filed in the superior court of Comanche county, seeking to restrain the county election board of that county from issuing a certificate of election to N. C. Adair. The court in that case refused to enjoin the county election board, and the certificate was issued to Adair. Adair took the oath of office, and proceeded to fulfill the duties of city marshal of the city of Lawton on May 7, 1951. On the same date that he took office, the plaintiff, Joe R. Cable, filed this action to try the title to the

office, claiming that Adair was not eligible to be a candidate on the Republican ticket for the reason that Adair was a registered Democrat and not a member of the Republican party or affiliated with that party, and that the defendant's name had not been certified to the county election board by the chairman and secretary of the Republican party.

A pre-trial conference was had, and the case was finally brought to trial on September 21, 1951, and on September 24, 1951, the trial court entered findings of fact and conclusions of law. On October 3, 1951, the trial court entered judgment ousting the defendant Adair from the office of city marshal of the city of Lawton, and reinstating the plaintiff, Joe R. Cable, to that position. The defendant filed a motion for new trial, and from the order and judgment of the trial court overruling that motion defendant has appealed.

There is no question about the facts in this case. Only questions of law are involved. The sections of the statutes governing elections in cities and towns in Oklahoma are found in Title 11, Ch. 2, O.S. 1951. Sections 41 to 66 cover nominations and primaries. Section 48 provides the manner of becoming a party candidate in cities and towns, and is as follows:

"Any elector may become a candidate before any political party for its nomination for any office herein specified in any primary election by filing with the county election board, not more than twenty nor less than ten days before the date of such primary, a written notice, setting forth his name as he desires it to appear upon the ballot, his post office address and in cities shall give his street number and ward. He shall, in such notice, state the name of the office for which he desires to become a candidate and shall give the date of the primary and specify the political party of which he desires to be a candidate."

Under this provision any elector can file for office in any political party

that may nominate candidates, regardless of the political party to which he may belong. This is different from the provisions found in 26 O.S. 1951 §§162 and 163, which were construed in Darst v. County Election Board of Craig County, 194 Okla. 469, 152 P. 2d 912, and which held that a candidate for county attorney must file for office in the political party in which he was registered. The general law as to primaries applies to cities and towns under 11 O.S. 1951 §41(a), which is as follows:

"Each city or town shall, on the third Tuesday in March, in each year in which a municipal election is to be held, hold a primary election at each of its voting precincts, at which time the several political parties shall nominate candidates for such offices as, under this article, are to be elected at the election provided for herein. The law governing primary elections for the State shall govern in all primaries in cities and towns except where herein otherwise provided."

The primary election laws for cities and towns provide otherwise in that §48, Title 11, makes different requirements for candidates than the general primary law. Sec. 162, Title 26, O.S. 1951, requires a candidate to sign a notification and declaration wherein he states that he is affiliated with the party in which he is seeking to file as a candidate and that he supported that party's nominee at the last statewide general election. Sec. 48, Title 11, makes no such requirement, and that section controls here.

The question is raised that the defendant was not properly certified to the county election board by the Republican city central committee of Lawton or the county central committee of Comanche county; but under sections 166 and 167 of Title 26, O.S. 1951, which is an amendment of §5764, O.S. 1931, by Senate Bill 135 of the Acts of the Seventeenth Legislature of Oklahoma, which is Ch. 29, art. 2 of S. L. 1939, p. 144, the county election board must issue a certificate of nomination to an unopposed candidate where the county central committee fails or neglects to file such declaration. Before this amendment this section applied only to state and county offices, but the amendment made it applicable to city or town offices and independent school districts of cities; so there is no question but that the defendant was properly nominated, and the fact that he received the highest number of votes at the general city election is not questioned. The trial court was in error in rendering judgment ousting the defendant from the office of city marshal of Lawton, and said judgment is hereby reversed with instructions to enter judgment for the defendant and restore him to the office to which he was elected.

GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. WELCH, CORN, and DAVISON, JJ., dissent.