CHEEVES v. CITY OF DUNCAN et al.

No. 35357.   March 10, 1953.

*254 P. 2d 765.*

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Jerome Sullivan, Duncan, for defendants in error.

O'NEAL, J. In this proceeding, Floyd Cheeves, a resident and qualified elector of the city of Duncan, Oklahoma, seeks to establish title to the office of city commissioner from Ward 4 in the city of Duncan, a city of the first class having a charter form of government. The judgment rendered in the trial court denied him the relief prayed for, and from the order denying a new trial, plaintiff appeals.

Mr. Cheeves' contention in the trial court and urged here is that under the charter of the city of Duncan, a candidate for the office of city commissioner must be nominated by wards and elected by wards. He further contends that in no event was the defendant, A. N. Bunch, eligible, either under the terms of the city charter, or under 11 O.S. 1951 §48, to file as a candidate for the office of city commissioner, or to hold said office.

The defendant A. N. Bunch contends that the city charter provides that the candidates for the office of city commissioner are nominated by wards and elected at large.

In a primary election held in the city of Duncan, in March, 1951, Mr. Cheeves was a Democratic candidate for city commissioner of Ward 4. In the primary election held, he received 221 votes cast in Ward 4 for said office. Mr. Bunch, in the primary election, was a candidate for city commissioner of Ward 4. He filed as an independent candidate and in said primary election

he received 191 votes cast in said Ward 4. In the general election held in April, 1951, there were 1,235 votes cast at large, out of which Cheeves received 430 and Bunch, 805, for the office of city commissioner of Ward 4.

The city of Duncan, in 1910, being a city of first class, adopted a charter form of government. This charter was amended in 1920. Under Art. III of §1, of the amended charter, the city is divided into four wards. The boundaries of each ward are defined by the charter. Each ward is constituted as an independent voting precinct until otherwise provided by ordinance. Section 2 of Art. III, provides:

"For the purpose of election of the Board of Commissioners of the City of Duncan, one (1) member shall be nominated from each of the four (4) wards and one (1) member from the city at large and the members so nominated shall be voted on at large in the general election. * * *"

Section 4 of said article provides:

"Independent candidates may have their names printed on the ballots as the candidates for an office to be filled at any City election, provided that they file with the County Election Board a notice as is required of the candidates for a political party nomination, and notices presenting the names of independent candidates shall be filed with the County Election Board during the period provided by law, during which candidates are required to file notice of their candidacy in primary elections."

To defeat the mandate of the charter, plaintiff contends that the charter is in conflict with express provisions of statutory law and, therefore, the statutory law must control governing elections held in cities of the first class as the City of Duncan is conceded to be.

The statute relied upon, 11 O.S. 1951 §23b, provides that general elections in cities of the first class shall be held on the first Tuesday in April, 1943, and each two years thereafter. The section further provides that there shall also be elected from each ward in cities and towns one councilman from each ward who shall serve for a period of two years. The proviso of said section reads:

"* * * provided, further, that the provisions of this section shall not apply to any city operating or hereafter operating under a charter form of government."

Plaintiff further contends that Mr. Bunch, being a registered Democrat, could not file as an independent candidate of city commissioner of Ward 4. In support of this proposition he relies on our opinion in Darst v. County Election Board of Craig County, 194 Okla. 469, 152 P. 2d 912. The Darst case construed 26 O.S. 1951 §162. The question posed was whether Darst, a registered Democratic elector, could file as a candidate upon the Republican primary ballot for the office of county attorney. We there observed that our election laws were based on our party system of government and that, therefore, only members of a party have the right to nominate its candidates and its candidate must be chosen from the members of the party. That section, however, has no application with reference to primary and general elections in cities and towns, or in cities operating under a charter form of government.

In the instant case plaintiff seeks relief invoking the provisions of 11 O.S. 1951 §23b, which govern primary and general elections in cities and towns, but, as we have pointed out, the latter act specifically exempts from its provisions cities having a charter form of government.

Construing the election laws as applied to cities of the first class, in the case of Adair v. Cable, 207 Okla. 123, 248 P. 2d 599, we said:

"Under 11 O.S. 1951 §48, any elector may become a candidate before any political party for its nomination for any office specified in any city primary election, and he may file for the office in a political party to which he does not belong."

The defendant having complied with the law governing the holding of primary and general elections under the charter form of government of the city of Duncan, and having received the highest number of votes at large as an independent candidate for the office of city commissioner from Ward 4, he is entitled to the possession of said office.

The judgment of the trial court is affirmed.