## LARSON v. BUNCH.

No. 35605. March 31, 1953.

*255 P. 2d 486.*

Jerome Sullivan, Duncan, for plaintiff in error.

S. N. Bunch, Oklahoma City, for defendant in error.

O'NEAL, J. The sole question posed in this case is whether the action of the mayor and the board of city commissioners of the city of Duncan, Oklahoma, in declaring that A. N. Bunch, defendant in error, had forfeited his right to the office as a councilman or city commissioner of ward four, and declaring said office vacant, comports to the principles of due process of law.

The facts are these: A. N. Bunch and Floyd Cheeves were nominees for the office of city commissioner from ward four in an election held for said office in the city of Duncan, Oklahoma, in the month of April, 1951. Mr. Bunch, receiving the highest number of votes cast, received the certificate of election and qualified by filing bond and taking the oath of office. He attended three commissioners' meetings in May, 1951. On the 22nd day of May, Mr. Bunch submitted his resignation as city commissioner of ward four. The following day, and prior to any action taken upon said resignation by the city commissioners, he withdrew said resignation from the office of the city clerk. The record discloses that Mr. Bunch was of the opinion that there should be a change in the personnel of the office of city attorney. His associates,

on the board, were of an opposite view, and being in the majority they reappointed the then acting city attorney. Mr. Bunch thereafter stated to the city clerk, and other persons, that it would be useless for him to attend any further meetings of the commission as he, apparently, could not get along with two members of the board. In a conversation with the mayor of the city, he stated that he might resign from the commission and expressed an opinion that certain named residents of ward four were good citizens and could devote their time to the duties of the office.

Mr. Bunch spent part of the summer months visiting his daughters in Wyoming, returning on two occasions in the month of August to his home at Duncan, and he was also present in September at the trial of the cause in the district court of Cheeves v. Bunch.

On September 17, 1951, the city commissioners caused the following journal to be entered upon its minutes:

"Mayor Sharp talked to the Board about declaring the office of Commissioner in Ward Four, vacant. After some discussion, Thomas A. Gray made a motion as follows: 'I move that we declare the office of City Commissioner in Ward 4 to be vacant for the reason that A. N. Bunch at one time filed his resignation with the City Clerk, then withdrew it; that he has announced privately and publicly that he did not intend to attend any more meetings; that he has not attended any more meetings; that he has either moved from Ward 4 or has been gone for sufficient time from his home, with no explanation, that we can assume that he does not intend to live in that Ward or take part in the affairs of the City; that the people of Ward 4 is entitled to representation on this Council and that A. N. Bunch apparently does not intend to represent them. For these reasons I so move.' Second by Leroy Tucker. Vote aye all. Nay none. Mayor Sharp declared the motion carried and the office of Commissioner for Ward 4 vacant. Thomas A. Gray made a motion that K. P. Larson be appointed as

Commissioner of Ward 4. Second Leroy Tucker. Vote aye all. Nay none."

Prior to this action of the board, and in August, 1951, Mr. Bunch, in a conversation with Mr. Smith, the city clerk, advised Smith that he intended to serve out his term as city commissioner from ward four if the then pending case of Cheeves against himself was decided in his favor. It appears that there was then pending in the district court of Stephens county, and not disposed of, an action in which Floyd Cheeves was contesting the right of Mr. Bunch to hold the office of city commissioner of ward four. The Cheeves v. City of Duncan case was affirmed by this court March 10, 1953, and appears in 208 Okla. 187, 254 P. 2d 765.

After the action of the commissioners vacating the office of commissioner of ward four, the board appointed K. P. Larson, plaintiff in error, to fill out Mr. Bunch's unexpired term of office, which term expires in May, 1953. In the trial court the issues were found generally in favor of Mr. Bunch, and from the order denying a new trial, K. P. Larson appeals.

Mr. Larson contends that the board's action must be sustained under the terms of the charter of the city of Duncan, as well as under certain statutes to which we will advert. Under his assignment that the trial court's judgment is contrary to law, he calls our attention to the provisions of art. 3, §124, of the charter of the city of Duncan, which provides in part as follows:

"In the event of the death, resignation or removal of either of the five (5) Commissioners, the other four (4) Commissioners shall elect a Commissioner to serve the unexpired term."

He also relies upon section 82, of the amended charter of the city of Duncan which provides that:

"Sec. 82. In addition to the powers conferred by the Constitution of the State of Oklahoma, and subject to the limitations and restrictions imposed thereby and by the laws of said State

not rendered inoperative by the adoption of this Charter, said City shall have such legislative, executive and judicial powers, and exercise the same in such manner as may be necessary, incident or proper to the conduct of its business and affairs, and to the promotion of the interests and securing of the rights of inhabitants as fully as if specifically and in detail enumerated herein. The enumeration, hereinafter, of any particular shall in no wise limit the plenary powers vested by this Section."

Lastly, he refers us to Title 11 O. S. 1951 §572, which provides:

"The Council may, by a vote of majority of all the members to be entered upon the journal, remove for cause any officer except the mayor."

It is urged by defendant's counsel that, under sec. 124 of the charter, the plaintiff, Bunch, has forfeited the office, for the reason he moved from the ward after his election.

We are of the view that the word "removal" as employed in sec. 124 in the city charter, supra, must be construed in the sense in which the word "removal" is employed in 11 O. S. 1951 §571. Under the latter section, a councilman must be an actual resident of the ward from which he is elected, and his removal from the ward shall cause a vacancy in his office.

The Cheeves case was tried in the district court of Stephens county on September 6, 1951; taken under advisement until September 14th, and upon the latter date, it was decided in favor of Mr. Bunch. After the decision in the Cheeves case, Mr. Bunch wrote the city clerk that he would attend the October meetings of the board. The record discloses that Mr. Bunch testified as follows:

"Did you write any communication from Wyoming to anybody stating that you would occupy the position when you got back? A. I did. Q. Who was it written to? A. Mr. Smith, the City Clerk. Q. What was the nature of that communication? A. I wrote him that I noticed in the paper the Cheeves suit was settled in my favor and I would be home for the October commissioner's meetings. Q. What did you learn when you got back? A. I learned in the next paper I got that they had vacated my office and put Mr. Larson in. Q. Did you have any intention of staying outside the State of Oklahoma? A. I didn't. Q. Was it your purpose to continue to serve as commissioner from Ward 4 on your return? A. That's right."

The removal order was entered three days after the judgment in the Cheeves case. The removal order was entered without knowledge or notice to Mr. Bunch.

In passing we observe that the record discloses the utmost good faith upon the part of the commissioners in entering the order of removal. Due process demands that a removal for "cause" be based upon notice and an opportunity to be heard. The principle is announced in 43 Am. Jur., Public Officers, §212, which reads:

"While the circumstances that an officer holds for a fixed term does not prevent his removal without notice or hearing where an unconditional power of removal is conferred, according to the weight of authority, an officer is entitled to notice and a hearing in order that he may have an opportunity to defend, the statute not providing otherwise, where he holds for a definite term, whether he holds for a term of years, for life, or during good behavior, or, whether or not he holds for a definite term, where, under the law, he may not be dismissed except for cause or for specified causes."

Although Title 11 O. S. 1951 §572 does not in terms authorize an appeal from an order of the council declaring an office vacant for cause, the weight of authority sustains the defendant in error's contention that such an order without notice or opportunity for a hearing is void. The principle was first announced by this court in 1904, in the case of Christy v. City of Kingfisher, 13 Okla. 585, 76 P. 135, and thereafter

announced in the case of Akin, County Supt., v. Harris, 138 Okla. 30, 280 P. 291.

The board was of the view that "cause" existed for Bunch's removal from office; that "cause" is recited in the order; that at one time Bunch filed his resignation with the city clerk and then withdrew it; that he has announced privately and publicly that he did not intend to attend any more meetings, and that he has not done so; that he has either moved from ward four, or has been gone for sufficient time from his home with no explanation; that the board can assume that he does not intend to live in the ward.

The board's assumption that Bunch moved from the ward is as the board says, "an assumption." The evidence in the record, however, discloses that he owned a residence which he occupied at the time he was elected, and which he occupied immediately prior to his visit to Wyoming, and also occupied on several occasions during the month of August, when he returned to Duncan, and also occupied at the time of the trial of the Cheeves case. Moreover, the record discloses that a few days before he was removed from office he had advised the city clerk, in writing, of his intention to attend board meetings in October.

Although, as a general rule, the board of commissioners has the authority to remove an appointed officer, with or without cause, such authority does not extend to an elective officer with a definite term of office, and as here where the elected officer was not given notice and an opportunity to be heard in opposition to the proposed removal order.

The judgment of the trial court is affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.